# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JANE DOE | CIVIL ACTION |
|---|---|
| v. | NO. 15-2085 |
| MERCY CATHOLIC MEDICAL CENTER | |

Baylson, J.                                                                  August 8, 2019

## MEMORANDUM RE: DEFENDANT'S MOTION TO REINSTATE HER BREACH OF CONTRACT CLAIMS AND FOR LEAVE TO AMEND THE THIRD AMENDED COMPLAINT

## I. Introduction

On January 4, 2019, Plaintiff Jane Doe moved to amend her Third Amended Complaint and to reinstate certain state law claims. (ECF 93, "Mot." or "Motion"). Specifically, Plaintiff sought to reinstate two breach of contract claims, to augment her allegations based on evidence uncovered during the course of discovery, and to add a procedural due process claim under Title IX. The Court held oral argument on the Motion on April 4, 2019, and advised the parties that leave to amend would likely be denied because the Motion was unduly delayed. The Court then issued an order on June 24, 2019, denying Plaintiff's Motion, but failed to issue an accompanying Memorandum Opinion explaining the reasons why. On July 17, 2019, the Court granted summary judgment for Defendant Mercy Catholic Medical Center.

Plaintiff appealed the Court's orders denying amendment and granting summary judgment for Defendant on July 25, 2019. The Court now issues this brief Memorandum supplementing the district court record with the reasons why it denied Plaintiff's Motion.

## II. Brief Procedural History

This action has been ongoing before this Court since April 20, 2015. (ECF 1). Plaintiff amended her Complaint repeatedly, either by right, stipulation, or order of Court, prior to filling her Third Amended Complaint on October 15, 2015. (ECF 28, "TAC"). The TAC asserted the following claims:

> COUNT I:    Sexual Harassment and Hostile Educational Environment in Violation of Title IX
> COUNT II:   Retaliation in Violation of Title IX
> COUNT III:  *Quid Pro Quo* Sexual Harassment in Violation of Title IX
> COUNT IV:   Breach of Contract—Gender Based Discrimination
> COUNT V:    Breach of Contract—Wrongful Termination
> COUNT VI:   Breach of Contract—Breach of Covenant of Good Faith

Defendant moved to dismiss on October 29, 2015, (ECF 32), and the Court dismissed the TAC in its entirety on January 26, 2016. (ECF 44, 45). Defendant appealed that decision to the Third Circuit Court of Appeals on February 3, 2016, (ECF 46), and the Third Circuit affirmed in part, reversed in part, and remanded the case for further proceedings on March 7, 2017. See Doe v. Mercy Catholic Med. Ctr., 850 F.3d 545 (3d Cir. 2017).

The Court then signed a stipulation by the parties on October 19, 2017, withdrawing Plaintiff's state law claims without prejudice. (ECF 52). Pursuant to the Third Circuit's Opinion and that stipulation by the parties, the only causes of action that remained viable in the TAC were Counts II and III. Defendant filed an Answer with Affirmative Defenses on April 11, 2018. (ECF 64).

Plaintiff then filed the instant Motion to Amend/Correct the TAC on January 4, 2019. (ECF 93). In the Motion, Plaintiff sought leave to: (1) reinstate Counts V and VI for breach of contract; (2) amend her complaint to conform to certain evidence uncovered during the course of discovery; and (3) add a procedural due process claim under Title IX. She attached a proposed Fourth

2

Amended Complaint as Exhibit A to the Motion. (See Ex. A to Mot.). Defendant responded in opposition on January 18, 2019, (ECF 94, "Opp'n" or "Opposition"), and Plaintiff filed her Reply on January 25, 2019. (ECF 96, "Reply"). The Court held oral argument on the Motion on April 4, 2019, and advised the parties that leave to amend would likely be denied because the Motion was unduly delayed. The Court then issued an order denying the Motion on June 24, 2019. (ECF 129). Summary judgment was granted in Defendant's favor on July 17, 2019. (ECF 135–36).

### III. Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that the Court "should freely give leave [to amend a pleading] when justice so requires." Some of the factors the Court may consider when determining whether to grant leave include: undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. See Bechtel v. Robinson, 866 F.2d 644, 652 (3d Cir. 1989) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). In order to show prejudice, the nonmoving party "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." Bechtel, 866 F.2d at 652.

### IV. The Parties' Contentions

Plaintiff contends that her requested amendments are not futile because her relationship with Defendant was contractual in nature and the written policies and procedures in the Resident Physician Agreement entitled her to "fair due process" under Defendant's grievance and disciplinary policies. She further contends that her proposed due process claim mirrors the factual allegations contained in the proposed Count VI and that Title IX requires schools to implement "equitable" grievance procedures as set forth in their respective mandated regulations. Plaintiff represents that there was no undue delay, bad faith, dilatory motive, or prejudice to Defendant in

3

seeking to amend her claims because some of Defendant's representatives spoke to the due process violations in their depositions. According to Plaintiff, Defendant was therefore prepared to defend against them. Defendant should likewise be prepared to defend against the proposed additions because the contract claims were already asserted in a previous complaint and because the Title IX claim relies on the same allegations.

In opposition, Defendant argues that the statute of limitations was not tolled when Plaintiff voluntarily dismissed Counts VI and VI, and they are therefore time barred. Defendant also argues that: (1) Plaintiff does not allege a sufficient factual basis for her breach of contract claim premised on wrongful termination; (2) binding precedent precludes Plaintiff from advancing a claim for breach of the covenant of good faith and fair dealing, see Burton v. Teleflex Inc., 707 F.3d 417, 432–33 (3d Cir. 2013) (holding that plaintiff "cannot maintain an independent cause of action for the breach of the covenant of good faith and fair dealing under Pennsylvania law"); and (3) even if Plaintiff had sufficiently alleged a procedural due process claim under Title IX, such a claim has not been recognized by any court in this country and no private right of action exists under Title IX for recovery under the two regulations Plaintiff put at issue. See 34 C.F.R. § 106.8(b) and 28 C.F.R. § 54.135(b). Finally, Defendant contends Plaintiff unduly delayed in seeking to amend the TAC and any amendment would prejudice Defendant. Believing that Plaintiff was vexatious in bringing this Motion, Defendant requests fees and costs in connection with opposing it.

**V.     Analysis**

The interests of justice dictate against further amendment of Plaintiff's complaint. Because Plaintiff unduly delayed in seeking these amendments, and because granting the proposed amendments would prejudice Defendant, the Court has denied Plaintiff's request.

The decision to permit an amendment is squarely within the Court's discretion. Air Prods. & Chems., Inc. v. Eaton Metal Prods. Co., 256 F. Supp. 2d 329, 332 (E.D. Pa. 2003). "[T]he passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984), cert. denied, 469 U.S. 1122 (1985). With regard to "undue delay," the Third Circuit has advised courts to consider "whether new information came to light or was available earlier to the moving party." In re Adams Golf, Inc. Sec. Litig., 381 F.3d 267, 280 (3d Cir. 2004); see also Cureton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001) (stating that "the question of undue delay requires that we focus on the movant's reasons for not amending sooner"); Lindquist v. Buckingham Twp., 106 F. App'x 768, 775–76 (3d Cir. 2004) (affirming denial of leave to amend complaint to include equal protection claim in light of finding that the documents that the amending party alleged were withheld, and which gave rise to amended claim, were public and delay was, therefore, inexcusable). Generally speaking, undue prejudice to the non-moving party is the "touchstone" for the denial of an amendment Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing, Inc., 663 F.2d 419, 425 (3d Cir. 1981).

In the nearly four years since Plaintiff initiated this action, she thrice took advantage of opportunities to amend her pleading. Each time she amended the complaint, Plaintiff asserted different theories of recovery. And each amended complaint was subject to a motion to dismiss by Defendant. Plaintiff then sought a fourth opportunity to recraft her causes of action, this time as discovery was coming to a close and the deadline for dispositive motions approached. Plaintiff's delay in seeking these amendments, in light of the foregoing, was patently undue. Granting the

5

proposed amendments would pose unfair burdens on Defendant—to once again defend against new theories in the case—and on the Court—to further prolong these proceedings.

The undue delay and prejudice were heightened by the fact that Plaintiff already stipulated to the dismissal of two of the proposed claims. She provided no explanation for why she sought to reinstate the claims, other than that she collected evidence to support them during the discovery process. Seeing as that she previously asserted these claims, the Court cannot conclude that the evidence Plaintiff learned during discovery came as such a surprise that justice requires a fourth amendment to her pleading. Indeed, Plaintiff was surely aware of the contracts that form the basis for these claims long before she sought the amendments. Plaintiff has represented that her proposed Title IX claim, which was not previously pled, relies on the same allegations contained in the previously-dismissed causes of action. The Title IX claim is thus also based on information that has been available to Plaintiff for some time, and Plaintiff unduly delayed in her efforts to include it in her pleading.

Plaintiff cannot use Rule 15 as a vehicle to second guess whatever strategy decision prompted her to dismiss these counts in the first place. Although Plaintiff argues that Defendant would not be prejudiced by this fourth amendment because the claims were asserted previously and because evidence related to them was uncovered during discovery, in fact the opposite is true. Having stipulated to the dismissal of the breach of contract claims, Defendant had no opportunity to develop facts or evidence it might otherwise have offered to defend against them. Moreover, Defendant notes that the proposed Count VI contained over twenty-five additional factual averments that were not included in the TAC. (See Opp'n at 25 n.14). In the late stage of the discovery process, and considering Defendant's ongoing expense of having to defend against new iterations of Plaintiff's pleading, the Motion was denied.

The Court recognizes that Defendant's Opposition puts forth several reasons why the proposed amendments might also be futile. Because the Court has concluded that the amendments were unduly delayed and prejudicial, it expresses no opinion at this time about the futility of adding the proposed causes of action.

## VI. Conclusion

For the foregoing reasons, Plaintiff's Motion to Amend the Complaint and to Reinstate State Law Claims (ECF 93) was denied in an Order issued June 24, 2019. (ECF 129).

**BY THE COURT:**

**/s/ Michael M. Baylson**
_____
**MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 15\15-2085 doe v. mercy catholic\Memo re Mot. for Leave to Amend